IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RODNEY RICKETTS, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 4:16-CV-403-O |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Rodney Ricketts, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

On May 7, 2013, in Criminal District Court Number Four, Tarrant County, Texas, a jury found Petitioner guilty of aggregate theft of the value of $20,000 or more but less than $100,000, between January 19, 2011, and October 22, 2011. Clerk's R. 172, ECF No. 12-9. The jury found the habitual-offender notice in the indictment, alleging three prior felony convictions out of North Carolina and a third-degree-felony conviction out of Harris County, Texas, true and assessed his punishment at 49 years' imprisonment in TDCJ. *Id.* at 180. Petitioner's conviction was affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. Petitioner did not seek writ of certiorari or state habeas-corpus relief. Pet. 3, ECF No. 1; Docket

Sheet, ECF No. 11-2. This federal habeas petition followed.

The appellate court set out the factual background of the case as follows:

> In October 2011, Bedford police officer Miles McLain responded to an activated security alarm at a Subway restaurant. Upon arrival, Officer McLain saw that the door to the store was open and a light was on. Officer McLain heard a loud drilling noise coming from inside the shop. After calling for back-up, Officer McLain hid behind a pillar outside the front of the store. As [Petitioner] left the store, Officer McLain ordered him to the ground and arrested him.
>
> In the ensuing investigation, the police connected [Petitioner] to a string of twenty-six burglaries beginning in January 2011. Although the damage varied by location, the store owners suffered a variety of losses including property damage, theft of electronics, theft of tools, drilled safes, stolen cash, and the removal of several books of Texas Department of Public Safety inspection stickers.

Mem. Op. 2-3, ECF No. 11-3.

## II. ISSUES

In four grounds for relief, Petitioner claims that the evidence at trial was insufficient to prove the essential elements of the offense; he received ineffective assistance of counsel; and the judgment is void due to an illegal sentence. Pet. 6-7, ECF No. 1.

## III. RULE 5 STATEMENT

In a motion to dismiss the petition, Respondent asserted that the petition should be dismissed without prejudice as a mixed petition. Resp't's Mot. to Dismiss 6, ECF No. 10. That motion and Petitioner's request for a stay, so he could exhaust his unexhausted claims in state court, were denied.[1] Order, ECF No. 17. Respondent does not believe that the petition is barred by successiveness and reserved the right to challenge Petitioner's claims on the merits and the timeliness of the petition. Resp't's Mot. to Dismiss 3, ECF No. 10. Following the Court's denial of

---

[1] Written communication with the Tarrant County District Clerk's office on May 9, 2018, confirms that Petitioner has yet to file an initial state habeas-corpus application challenging his 2013 conviction in state court.

her motion to dismiss, however, Respondent has not filed any further response.

## IV. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102. Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

### A. Sufficiency of the Evidence

Under his first ground, Petitioner claims "[t]he evidence presented by the prosecution, at trial, was constitutionally insufficient to prove the essential elements of the crime." Pet. 6, ECF No. 1. On direct appeal, Petitioner challenged only the sufficiency of the evidence on the element of value, based on the fact that "in several instances the property owners testified to the replacement cost of the stolen items without first attempting to ascertain the fair market value near the time of the theft."

3

Appellant's Br. 9, doc. 12-10. To the extent Petitioner attempts to rely on new legal or factual theories in this federal petition for the first time–*i.e.,* that the evidence is insufficient to prove other elements of the offense, the claim is unexhausted for purposes of federal habeas review. Petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner can satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Depuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988). Because Petitioner raised only a sufficiency-of-the-evidence claim regarding the element of value on direct appeal, the claim is addressed only to that extent here.

Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Jackson,* the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas-corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *Id.* at 319. Under *Jackson,* courts view any required credibility determinations in the light most favorable to the guilty verdict. *United States v. Wise,* 221 F.3d 140, 154 (5th Cir. 2000). Determining the weight and credibility of the evidence is within the sole province of the jury. *United States v. Martinez,* 975 F.2d 159, 161 (5th Cir. 1992). Courts do not second-guess the weight or credibility given the evidence. *United States v. Ramos-Garcia,* 184 F.3d 463, 465 (5th Cir. 1999). Further, where a state appellate court has conducted a thoughtful review of the evidence, its determination is entitled to great deference. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993).

Applying the *Jackson* standard and relevant state law, the appellate court addressed the claim as follows:

> To obtain a third-degree-felony theft conviction, the State needed to prove that the total value of property stolen equaled or exceeded $20,000. Property includes any tangible personal property or any document, including money, which embodies something of value. On review, we must give proper deference to the valuation assigned by the trier of fact. As such, we will reverse only if the evidence shows that no rational jury could find the total value of cash, vehicle inspection stickers, and personal property at or above $20,000.
>
> The unchallenged testimony of witnesses at trial is as follows:
>
> • Anthony Ta, owner of Yogurtvana, reported $603.65 missing;
>
> • Tawnya Langhoff, area supervisor of a Subway store, filed an insurance claim listing $1,356 taken;
>
> • Brian Wells, owner of four Subway stores, showed a total of $2,008.61 appropriated according to his point-of-sale printouts and estimated another $280 missing in cash tips;
>
> • Terry Clifford, representative at EmbroidMe, testified to $100 stolen out of the cash drawer;
>
> • Celestin Muhindura, operator of a small, local restaurant, showed $2,200 taken according to a computer report;

5

- Monte Daily, owner of a Kwik Kar, reported $625 in cash stolen;

- Kelly Privett, owner of another Kwik Kar, estimated losing $200;

- Rabih Asmar, owner of a Subway store, showed $940.60 appropriated according to point-of-sale printouts;

- James Cole, employee at a Kwik Kar, estimated $200 stolen from the safe;

- Patrick Starrett, corporal for the patrol division of the Colleyville Police Department, testified to taking a report of $200 missing after a burglary of a Burger Island store;

- Geoffrey Malecky, manager of a Subway store, reported $548 taken according to point-of-sale printouts;

- Bharat Patel, owner of a Subway store, estimated $1,300 missing from the safe and back office;

- Wyatt Hurt, owner of Fat Daddy's, reported a total of $2,200 stolen;

- Donnie Wilkerson, owner of a Subway store, showed a total of $3,934.41 stolen according to end-of-day reports and a verified counter check;

- Bhupendra Patel, owner of a Subway store, testified to $908.63 appropriated according to point-of-sale printouts;

- Richard Hollis, owner of a Subway store, estimated $900 taken;

- Donnie Rogers, area supervisor for a Subway store, reported $910.14 stolen from his safe;

- Sandra Leonard, manager of a Subway store, reported $1,253 missing to the police;

- Caterina Kuan, employee at a Subway store, showed $910.63 taken according to point-of-sale printouts; and

- Kanwar Singh, owner of a Subway store, testified to $1,090 taken from his safe.

> In addition to cash stolen, a representative from the Texas Department of Public Safety calculated the value of the inspection stickers taken from the Kwik Kar stores at $6,139.75. He testified that there is an active market for these stickers and that a full book of stickers could be liquidated for cash.
>
> On appeal, [Petitioner] does not contest the amount of cash stolen or the value of the inspection stickers. Instead, he focuses on other property and a distinction between fair market value and replacement value. However, as the uncontroverted testimony of the property owners established that [Petitioner] stole more than $20,000 in cash and inspection stickers, we need not reach the issue of proper valuation of the other property.
>
> Adding the amounts described above, [Petitioner] stole $22,668.67 in cash. Although at trial [Petitioner] attempted to undermine the property owners' testimonies of cash taken, he has not challenged that evidence on appeal, and determining the weight and credibility of the witnesses' testimonies remains the exclusive role of the jury. Adding the value of the inspection stickers, [Petitioner] stole a total of $28,808.42 before valuing the other property that he focuses on in this appeal. Considering this figure, we conclude that a rational jury could have found beyond a reasonable doubt that [Petitioner] stole more than $20,000 in property. Accordingly, we hold that the State presented sufficient evidence to prove the element of value.

Mem. Op. 4-7, ECF no. 11-3 (citations omitted).

The state court's decision comports with *Jackson* and is reasonable in light of the evidence at Petitioner's trial. Petitioner is not entitled to relief under his first ground.

**B. Ineffective Assistance of Counsel**

Under his second and third grounds, Petitioner claims he received ineffective assistance of counsel at trial and on appeal in various respects. Pet. 6-7, ECF No. 1. Respondent asserts Petitioner has failed to exhaust his state-court remedies as to these claims. As noted above, petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims by presenting both the factual and legal substance of a claim in the state's highest court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan,* 526 U.S. at 842-48; *Fisher,* 169 F.3d at 302; *Fisher,* 169 F.3d at 302; *Carter,* 677 F.2d at 443. In this federal petition, Petitioner admits that he raises his

7

ineffective-assistance claims for the first time and that he has not yet raised the claims in a state habeas-corpus application. Pet. 8, ECF No. 1. Because the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of the claims, they are unexhausted for purposes of federal habeas review. Petitioner is not entitled to relief under his second and third grounds.

### C. Illegal Sentence

Lastly, under his fourth ground, Petitioner claims that the trial court violated his rights to due process and equal protection of the law by allowing the state's use of his prior out-of-state convictions to enhance his sentence. Pet. 7, ECF No. 1. Section 12.42(d) of the Texas Penal Code provides that if it is shown on the trial of a felony offense, other than a state jail felony, that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014). An out-of-state conviction is considered a felony of the third degree if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as possible punishment. *Id.* § 12.41(1).

Relying solely on relevant state law, the appellate court addressed this claim as follows:

> In his second point, [Petitioner] contends that the trial court violated his due process rights and his right to equal protection under the laws when it allowed his North Carolina convictions to be used for sentence enhancement. Specifically, [Petitioner] argues that his North Carolina convictions would have been only state jail felonies if committed in Texas. As such, [Petitioner] argues that he is being treated differently than a similarly situated Texas convict who committed only a state jail felony. In response, the State argues that [Petitioner] has not preserved his

constitutional complaints.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. The trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. A reviewing court should not address the merits of an issue that has not been preserved for appeal.

Further, the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. To determine whether the complaint on appeal comports with that made at trial, we consider the context in which the complaint was made and the parties' shared understanding at that time.

If the complaint alleges a violation of constitutional rights, the appellant must show a specific objection at the trial level or face forfeiture of the claim. This requirement applies to both "facial" and "as applied" challenges to the constitutionality of a statute.

[Petitioner] draws our attention to his objection to the trial court's charge on punishment. In that objection, [Petitioner] claimed that allowing the North Carolina convictions to enhance his punishment created a full faith and credit issue and discriminated against him for being a citizen of another state at the time of the prior crimes' commission. At one point, [Petitioner] argued,

> What I'm trying to prove up is that the habitual enhancement . . . is going to be incorrect in that the convictions in North Carolina treat my client differently because his convictions are from another state[,] and . . . what he's actually been convicted of would be equivalent to a [state jail felony] here in Texas.

Outside of his objection to the charge on punishment, [Petitioner] did not present any other requests, motions, or objections to preserve a constitutional complaint.

By contrast, in his brief, [Petitioner] complains of four (two state and two federal) constitutional violations. As [Petitioner] failed to raise his federal due process and his state constitutional claims at the trial level, we hold that he has forfeited these claims.

While [Petitioner] also never explicitly protested on equal protection grounds, the objection to the charge on punishment suffices to preserve the argument. In context, it appears that the parties understood [Petitioner]'s contention to be that he

faced a higher degree of punishment than that of a similarly situated Texas criminal based solely on his state of residency at the time of his prior criminal convictions. As such, [Petitioner]'s as-applied equal protection challenge to the constitutionality of the punishment enhancement statute has been properly preserved.

But the equal protection challenge cannot succeed under the facts of this case. While the Equal Protection Clause generally requires the same governmental treatment for similarly situated persons, [Petitioner] has not proved that he is similarly situated to someone who committed only a state jail felony in Texas. In other words, he has not established that his North Carolina convictions would have qualified as Texas state jail felonies.

The judgments from [Petitioner]'s North Carolina cases reflect that he was convicted of "BREAKING AND OR ENTERING" under section "14-54(A)" of that state's general statutes. That section states today, as it did at the time of [Petitioner]'s crimes, that any person "who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." In other words, North Carolina provides the same level of classification and punishment for breaking and entering regardless of whether the crime is committed in a residence.

In Texas, however, burglary (which includes entering a habitation or building with intent to commit any felony) is a state-jail felony if committed in a building other than a habitation but a second-degree felony (or in some cases a first-degree felony) if committed in a habitation. Thus, [Petitioner]'s breaking and entering crimes in North Carolina could have qualified, if committed in Texas, as either state-jail felonies (which cannot be used for enhancement under section 12.42(d) of the penal code) or more serious felonies (which can be used), depending on the facts of those crimes. But the record does not disclose whether any of [Petitioner]'s North Carolina breaking and entering convictions involved entering a residence. Thus, it is impossible to discern whether [Petitioner], by effect of his North Carolina convictions, is similarly situated with a Texas state-jail-felony convict, who would not be subject to enhancement under section 12.42(d) of the penal code. Therefore, his equal protection claim cannot succeed.

Mem. Op. 7-13, ECF No. 11-3 (footnotes and citations omitted).

To the extent Petitioner raises a due process claim, the claim is unexhausted for purposes of federal habeas review. Although raised in appellant's brief on appeal, a due process claim was not raised in Petitioner's petition for discretionary review. Therefore, the claim has not been fairly presented to the Texas Court of Criminal Appeals. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan,* 526

U.S. at 842-48. Further, notwithstanding Petitioner's failure to fully exhaust the claim in state court, under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729, (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997). The state appellate court clearly relied upon firmly established and regularly followed state procedural rules to deny Petitioner's due process claim. *See Dowthitt v. Johnson,* 230 F.3d 733, 752 (5th Cir. 2000) (recognizing that the Texas contemporaneous-objection rule, which requires a timely objection to preserve error for appeal, is strictly and regularly applied, and is therefore an adequate state procedural bar to federal review). Accordingly, federal habeas review of the claim is barred unless Petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[–*i.e.,* that he is actually innocent of the offense for which he was convicted]." *Coleman,* 501 U.S. at 750. Such showing not having been demonstrated by Petitioner, the claim is barred from this Court's review.

To the extent Petitioner raises an equal protection claim, whether a defendant's prior convictions are properly used for enhancement purposes is solely a question of state law. *See Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995); *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir. 1971); *Bartee v. Stephens*, No. 4:13-CV-115-Y, 2014 WL 982874, at *8 (N.D. Tex. Mar. 13, 2014). Moreover, with few exceptions, the constitutionality of enhancement statutes such as § 12.42(d) has been upheld by the United States Supreme Court

against claims that they violate "constitutional strictures dealing with double jeopardy, ex post facto law, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Parke v. Raley,* 506 U.S. 20, 27 (1992) (quoting *Spencer v. Texas,* 385 U.S. 554, 560 (1967)). And, the Fifth Circuit has rejected similar claims in the federal sentencing context. *See United States v. Kubosh,* 63 F.3d 404, 405-07 (5th C ir. 1995), *vacated on other grounds, Kubosh v. United States,* 516 U.S. 1143 (1996) (upholding enhancement of defendant's sentence due to his multiple offender status despite the fact that his prior state convictions "might have been treated as misdemeanors in other jurisdictions"); *United States v. Millsaps,* 157 F.3d 989, 996-97 (5th Cir. 1998) (same). Even assuming a federal equal-protection right is implicated, Petitioner provided no evidence in state court that his out-of-state convictions were the equivalent of, or punishable as, state jail felonies in Texas at the time they were committed. Conclusory assertions and allegations, unsupported by any evidence or legal authority, are insufficient to merit habeas relief. *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983). Petitioner is not entitled to relief under his fourth ground.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 14th day of May, 2018.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**